CARLOS C. DE CASTRO
NAME
1532 THURSTON AVENUE, APT 4
HONOLULU, HI 96822
MAILING ADDRESS
808-636-3741
TELEPHONE NUMBER
ccdc5358@yahoo.com
e mail Address

**UNITED STATES DISTRICT COURT**

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 14 2021

at 2 o'clock and 50 min. P M
MICHELLE RYNNE, CLERK

CV21 00273 JAO KJM

ORIGINAL

| | | |
|---|---|---|
| CARLOS C. DE CASTRO | ) | CASE NO. _____ |
| | ) | COMPLAINT FOR AGE AND PROMOTION DISCRIMANATION |
| Plaintiff _ | ) | |
| vs. | ) | JURY TRIAL REQUESTED |
| | ) | |
| KURT YAMASAKI | ) | |
| BEULAH OLANOLAN | ) | |
| JADE BUTAY | ) | |
| _____ ____ | ) | |
| Defendants | ) | |
| | ) | |

# COMPLAINT FOR AGE AND PROMOTION DISCRIMINATION

## I. The Parties for This Complaint

### A. The Plaintiff

| | |
|---|---|
| Name | CARLOS C. DE CASTRO |
| Street Address | 1532 Thurston Avenue, Apartment 4 |
| City and County | Honolulu |
| State and Zip Code | Hawaii 96822 |
| Telephone Number | 808 636 3741 |
| E-mail Address | ccdc5358@yahoo.com |

1

## B. The Defendants

### Defendant No.1

| | |
|---|---|
| Name | KURT YAMASAKI |
| Job Title | DOTA, TA Fiscal Management Officer |
| Street Address | 400 Rodgers Blvd, Suite 700 |
| City and County | Honolulu |
| State and Zip Code | Hawaii  96819 |
| Telephone Number | 808 838 8646 |
| E-mail Address | kurt.yamasaki@hawaii,gov |

### Defendant No.2

| | |
|---|---|
| Name | BEULA OLANOLAN |
| Job Title | DOTA, Human Resources Supervisor |
| Street Address | 400 Rodgers Blvd, Suite 700 |
| City and County | Honolulu |
| State and Zip Code | Hawaii  96819 |
| Telephone Number | 808 838 8614 |
| E-mail Address | beulah.ak.olanolan@hawaii,gov |

### Defendant No.3

| | |
|---|---|
| Name | JADE BUTAY |
| Job Title | DOT Director, |
| Street Address | 869 Punchbowl Street |
| City and County | Honolulu |
| State and Zip Code | Hawaii  96813 |
| Telephone Number | 808 587 2150 |
| E-mail Address | Jade.Butay@hawaii.gov |

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## C. Place of Employment

The address at which I was employed by the defendants is

| | |
|---|---|
| Name | Department of Transportation, Airports Division (DOTA) Procurement Section |
| Job Title | Purchasing Technician I |
| Employment Period | May 19, 1975 to Aug. 2, 2020 |
| Street Address | 400 Rodgers Blvd., Suite 700 |
| State and Zip Code | Honolulu, Hawaii 96819 |

Upon information and belief, DOTA is a government institution and responsible for the operations and maintenance of all public airports in the State of Hawaii with more than 1,0000 employees.

## II. NATURE OF THE ACTION

1.    This action is to correct the unlawful practice of the Defendants regarding employment promotion discriminations which is in violation of Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5, 42 U.S.C. § 2000e-6, Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g).

2.    This action is to correct the unlawful practice of the Defendants regarding employment Age discrimination which is in violation of Age Discrimination in Employment Act of 1967 as codified 29 U.S.C.SEC. 621-634.

3.    This action seeks to provide appropriate relief for the Plaintiff who was adversely affected by the recurring and deliberate such practices.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## III.    JURISDICTION AND VENUE

4.    Jurisdiction of this court is invoked pursuant to 28 U.S.C.1331, Venue is proper in, and Defendants are subject to the personal jurisdiction of this Court because Defendants maintain facilities and business operations in this District of Hawaii.

5.    The employment practices alleged to be unlawful were committed within the jurisdiction of United States District Court for the district of Hawaii.

## IV.    Statement of Claim

6.    Plaintiff was intentionally and maliciously  discriminated by his age and promotions opportunity last 12//31/19 and 03/13/20 when Defendants denied his application for Temporary Assignment (TA) and later to his application to the promotion position of Procurement & Supply Specialist III (PSS III).

7.    For the record and verification of Plaintiff's Personnel File at DOTA HR, Plaintiff has applied (beginning the year 2016 up to 2020) with DOTA eight different promotion positions, i.e.;

7.1.  Building and Grounds Supervisor

7.2.  Procurement & Supply Specialist II

7.3.  Staff Services Supervisor III (First application)

7.4.  Staff Services Supervisor III (Second application)

7.5.  Repair & Maintenance Assistant III (First application)

7.6.  Repair & Maintenance Assistant III (Second application)

7.7.  Contracts Assistant I

7.8.  Procurement & Supply Specialist III.

8.    The regular "pattern or practice" of discrimination on the selection of applicants were deliberately imposed by the Defendants on Plaintiff's eight (8)

4

eight (8) promotion applications mentioned above.

9.    These discriminations resulted in Plaintiff's severe damage of his employment career, social life, mental and physical health.

10.  Plaintiff therefore seek injunctive and declaratory relief, compensatory damages, punitive damages, reasonable processing and reproduction cost as remedies for Defendants' unlawful harassment and discrimination of Plaintiffs' rights.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.   Plaintiff's timely filed charges of age and promotion discrimination with the Hawaii Civil Rights Commission (HCRC) and United States Equal Employment Opportunity Commission (EEO) on August 05, 2020.

12.   EEOC issued Plaintiff's notice of Right to Sue was dated 3/16/20.

13.  Copies of documents (Exhibit #13-1 to #13-8) together with the Right to Sue letter is attached.

14.  Plaintiff has timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.

## VI.    FACTUAL ALLEGATIONS

### V.1.  First Incident of Age and Promotions Discriminations.

14.1. Note: All attachment documents mentioned as proof to these allegations which are not attached are all available on file with the Plaintiff and could be presented or issued when requested.

15.  As part of Plaintiffs job, for more than 3 years, the Plaintiff assumed the job of Mrs. Evangeline Lucas (PSS III) who retired last Dec. 31, 2019) in the processing of documents of DOTA vehicles (new or old) needed for application

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

of State vehicle plates at Department of Motor Vehicle (DMV) Honolulu, HI.

16. Last Dec. 03, 2019 Plaintiff verbally applied to his Procurement Supervisor, Mrs. Eillen Castillo for Temporary Assignment to the position of Procurement & Supply Specialist III (PSS III) which would be vacated by Mrs. Evangeline Lucas (PSS III) on Dec. 31, 2019.

17. Considering that there was no other applicant for TA to this position, Mrs. Castillo approved Plaintiff's application to this position provided that Plaintiff will still perform his duties as Purchasing Technician-I. Plaintiff agreed.

18. But after 3 days (Dec. 06, 2019) when Plaintiff asked Mrs. Castillo as to when he will start his TA, Mrs. Castillo recanted her statement saying that Plaintiff will not go for TA instead it will be given to Ms. Sam Ngo (Accountant) and Gavin Shibata (Auditor) both of whom are working under Fiscal Section under the management of Mr. Yamasaki., TA, Fiscal Management Officer.

19. Last 12/6/2019, (Exhibit #19-1) Plaintiff sent email to Mr. Yamasaki, TA Fiscal Management Officer to confirm his TA application to this position and to clarify the incident on his verbal application with Mrs. Castillo for this matter.

20. 25 days has passed (from 12/06/2019) before Mr. Yamasaki called the Plaintiff for a meeting to discuss his application for TA to this position.

21. During the meeting, Mrs. Castillo was not present. Instead, Mr. Yamasaki took Mr. Bertman Lee, a new accountant at Fiscal Section to attend the meeting who, as a new employee does not know anything about the Plaintiff's application for TA to the position of PSS III.

22. In front of Mr. Lee, Mr. Yamasaki said that Mrs. Castillo did not tell the Plaintiff that he could go on TA to the position of PSS III. Also, in front of Mr. Lee, in a voice louder than normal, Mr. Yamasaki said-

"Who is the Boss Here? I can Put Anybody I want to this position".

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

23. After the meeting, Plaintiff sent email (Exhibit #23-1, #23-2) to Mr. Yamasaki asking for Mrs. Castillo's written statement to confirm that she did not tell the Plaintiff that he can go on TA to this position. Defendant Mr. Yamasaki said that he will talk with Mrs. Castillo and return to me. He did not show up.

24. Fact Sheet sent HGEA, 2/6/2020, (Exhibit #24-1 to #24-3): Received by Mrs. Ancheta of HGEA but was not given attention. Plaintiff got stressed.

25. Last Feb. 14, 2020 (Exhibit #25-1), Mr. Yamasaki sent Plaintiff an email saying that the incident with Mrs. Castillo is not relevant to the issue. It is a He said, She said issue and he considered it closed and not relevant to his decision to TA or not to TA a person into Gela's position (PSS III). Whatever was said between you (the Plaintiff) and Eillen (Mrs. Castillo) does not have any bearing and would not be relied upon on my decisions.

26. DOTA/HGEA Contract 3 CBA procedures on Temporary Assignment, (Exhibit #26-1), Paragraph A, which says: <u>A Temporary Assignment shall mean the assignment by a Competent Authority.</u>

27. Mrs. Castillo (Not Mr. Yamasaki) is the Competent Authority in our Procurement Section because Mrs. Castillo is our direct supervisor who know and who manages the daily operations of our Procurement Section.

28. Mrs. Castillo's selection for TA to this position should be respected by Mr. Yamasaki because Mrs. Castillo know who is the most senior, the most reliable (due to Plaintiff's Engineering degree and experience) and the most dependable employee to be placed in this position.

29. HGEA /DOTA Contract 3, (Exhibit #29-1), Page 19, Article 12 – Temporary Assignment, Paragraph B: When employees are being considered for a Temporary Assignment to a position in a higher class, priority shall be given to Employees within the work place who are in the class immediately below the

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

class of the temporary assignment, provided such Employees are capable of satisfactorily performing such assignment.

30.  Attached Organizational Chart (Exhibit 30-1) made by Mr. Yamasaki clearly show that Plaintiff is the legal employee who is immediately below the class of the Temporary Assignment.  Plaintiff is the right employee

### V.2.  Second Incident of Age and Promotions Discriminations.
*DOTA-HR Notice of Position Vacancies dated 12/27/2019,*
*DOTA HR Reply to Notice of Interest dated 2/14/2020,*
*D.O.T. Statement on Discrimination and Harassment*
*DOT/HGEA Contract 3 CBA, Article*

31.  Last March 13, 2020 (Exhibit #31-1), Plaintiff received a letter by mail from Defendant Ms. Beulah Olanolan (Ms. Beulah) saying that he was not selected to the position of Procurement & Supply Specialist III (PSS III).

32.  Last March 17, 2020 (Exhibit #32-1) Mr. Yamasaki announced thru inter-office email the appointment of Kyle Gregg to the position of Procurement & Supply Specialist III (PSS III).

33.  DOT-HR Notice of Position Vacancy dated 2/27/2019 for the position of Procurement & Supply Specialist III, (Exhibit #33-1 to #33-2), Says: Applicants Must: (a) Be a Dept. of Transportation (DOT) employee who is a member of the State's Civil Service, (b) As of the Performance Appraisal Report have demonstrated satisfactory performance in his position.

34.  As per above procedure, Defendants Mr. Yamasaki and Ms. Beulah violated their own HR procedure when they accepted Kyle Gregg's application papers for promotion to the position of Procurement & Supply Specialist III.

35.  Kyle Gregg was only 7 months in service with DOTA when he applied to this position.  His performance appraisal, I believe was not included in his application papers as required by the Notice of Vacancy Announcement

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

mentioned in Paragraph #35 above.

## VII.   OTHER FACTUAL ALLEGATIONS

36.   DOTA/HGEA Contract 3 Agreement (Exhibit #36-1) page 20, Article 13, Promotions, paragraph B, item #5 says: In the event an employee with the greatest seniority applies and qualifies, for a Promotion and is denied the promotion, if the Employee so requests, the Employee shall be given a written statement of the reasons for denial.

37.   Plaintiff sent 4 emails (Exhibit #37-1 to 37- 4), Plaintiff to Ms. Beulah asking for her written statement as to why the Plaintiff was not selected. Plaintiff did not receive any reply.

38.   DOTA HR Document (Exhibit #38-1), "Reply to Notice of Interest" dated 2/14/2020: "If you are selected to the position, final determination of your qualifications will be made by the Department of Human Resources Development (DHRD)".

39.   The Defendants Mr. Yamasaki and Ms. Beulah released thru email the appointment of Kyle Gregg to this position of PSS III last 3/17/2020.  From our interview date of 03/03/2020, up to this appointment date was only 14 days.

40.   The procedure of reviewing resume and final interview documents surely is time consuming.  Given the normal processing days and the delays of documents processing because of the corona virus, 14 days is not enough for Kyle's documents to be sent to DHRD and then back to DOTA HR.

41.   HGEA/DOTA Contract 3. (Exhibit #41-1) Article 13, Promotions, Paragraph B, Item #4: Other factors being relatively equal, seniority shall prevail.

42.   The Defendants Mr. Yamasaki and Ms. Beulah, selected an applicant who has only 7 months of service with DOTA and was 25 years younger than

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Plaintiff when he applied to this position.

43.   The Plaintiff if given the opportunity, can prove the facts that the interview procedure for this position was manipulated and rigged by Mr. Yamasaki and Ms. Beulah.

44.   Last 3/23/2020, Plaintiff sent a Fact Sheet (Exhibit #44-1 to 44-4) of Grievance to HGEA. It was received by HGEA and the document number is GRV-20-0094. (Exhibit #44-5 to #44-7).

45.   This grievance has already passed the Step 1 (8/14/2020) and Step 2 (10/06/2020) meetings between DOTA and HGEA.

46.   The step 2 meeting for this case was conducted last 10/06/2020 but no decision up to this time.  Reason why I pursued my case to the Federal court.

47.   Last August 02, 2020, the Plaintiff, due to severe humiliations and degradation that he is experiencing in his workplace, due to his inability to work properly organized, due to his lost initiative and due to his emotional distress, Plaintiff resigned from DOTA, Procurement Section.

48.   With the grace of God, after applying to several government offices and private companies, Plaintiff was able to work at DLIR, HIOSH as Occupational Safety and Health Compliance Officer II, SR. 17 in Honolulu, HI.

49.   Plaintiff was able to gather documents (Exhibit #49-1 to 49-6) that will show the poor performance of Kyle Gregg when working as Purchasing Technician-I at the Procurement Section.  Kyle does not know the Procurement procedures on how to negotiate for over quantity deliveries.

50.   Emails to Defendant Jade Butay (Exhibit #50-1 to #50-5): Plaintiff Tried to get help from DOT Director but to no avail, Defendant Butay violated his own  D.O.T. POLICY STATEMENT for Non-Discrimination and Anti-Harassment which he signed himself last May 20, 2019.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

51.  Plaintiff tried and did all his best to get the attention of different government agencies (DHRD and Civil Service Commission) but to no avail, particularly DOT Director Jade Butay, he did not reply.

## VIII.  MEDICAL CONDITIONS

52.  March 16, 2020 (Exhibit #52-1, #52-2): Only 3 days after Plaintiff received the letter of Ms. Beulah, saying that he was not selected to the position of PSS III, Plaintiff was brought by ambulance to Kaiser Moanalua Hospital due to head ache and his head was going in circle.  As per Doctors' findings, it was Vertigo. That was the First time Plaintiff experienced this vertigo.

53.  April 07, 2020 (Exhibit #53-1 to #53-2): At around 11:00am, Plaintiff informed Liane Iraha, Fiscal Section secretary that Plaintiff is having a hard time breathing and chest pain. Plaintiff first went home to rest before going to Kaiser Moanalua Hospital   Findings- over fatigue and stress - primarily due to my thinking of not selected to the position of PSS III.

54.  Last 12/28/21 (Exhibit #54-1), at around 4:00pm, Plaintiff requested his DLIR/HIOSH office mate Ms. Angelica to bring the Plaintiff to Kaiser Moanalua Hospital due to his pain in the neck, hard to breath and hardly can position his neck upright. Finding- Cervical spondylosis, commonly called arthritis of the neck.

55.  Last 5/19/21(Exhibit #55-1)- Plaintiff, as diagnosed by Doctor was given a Facet joint injection to his cervical spines C4-5 and C5-6. Using steroid to relieve his neck pain.  Result – nothing has improved, Plaintiff is charging all the pains that he is experiencing are due to the stress and depressions that he is experiencing every day due to the Defendants repeated discriminations to the Plaintiff.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## IX.   CLAIMS FOR RELIEF

56.   The Plaintiff's eight (8) promotion applications to different positions within DOTA Honolulu which were all "not selected" clearly show the unlawful employment practices orchestrated by the Defendants.

57.   For Defendants' violation of their own DOTA HR Notice of Position vacancy for accepting incomplete application submitted by Kyle Gregg.

58.   For Defendants violation of their own DOT Director's Statement on Non-Discrimination and Anti-Harassment signed by Mr. Jade Butay.

59.   The effects of the discriminations made by Mr. Yamasaki and Ms. Beulah has deprive the Plaintiff of equal employment opportunities under Civil Service laws and DOTA/ HGEA Contract CBA.

60.   The unlawful employment practices described above are intentional.

61.   The unlawful employment practices described above were done with intentional and malice or with reckless indifference to the federally protected rights of the Plaintiff.

## X. PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully request that this court:

A. For a declaration that Defendants' actions, policies, procedures and practices alleged herein are unlawful;

B. Order Defendants to pay the Plaintiff by providing compensation for his lost wages and all other compensation denied or lost to Plaintiff, by reason of Defendants' unlawful employment practices, in an amount to be proven at trial;

C. Order Defendants to pay the Plaintiff for compensatory damages for Plaintiffs' medical expenses due to emotional distress resulting in depression,

12

anxiety, physical pain, inconvenience, suffering and loss of enjoyment on life in an amount to be proven at trial;

D. If applicable and within the Federal Law, Plaintiff request for punitive damages to stop the pretext, pattern or practice of discrimination of the Defendants which affected the employment career, emotion and health conditions of the Plaintiff in an amount to be determined at trial;

E. For lawyer consulting fees, documentation, reproduction and costs of suit, other laws; and for such other and further relief as this Court deems necessary.

Dated: June 14, 2021                    Respectfully submitted,

By: _____
            CARLOS C. DE CASTRO    Pro Se

## DEMAND FOR JURY TRIAL

Plaintiff demand a jury trial on all causes of action and claims to which Plaintiff has a right to a jury trial.

Dated: Jun 14, 2021                    Respectfully submitted,

CARLOS C. DE CASTRO    Pro Se

13

COMPLAINT FOR EMPLOYMENT DISCRIMINATION