IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CARLOS C. DE CASTRO,                )   CIV. NO. 21-00273 HG-KJM
                                    )
              Plaintiff,            )
                                    )
          vs.                       )
                                    )
KURT YAMASAKI; BEULAH OLANOLAN;     )
JADE BUTAY,                         )
                                    )
              Defendants.           )
_____)

**ORDER GRANTING DEFENDANTS KURT YAMASAKI, BEULAH OLANOLAN, AND JADE BUTAY'S AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 38)**

Plaintiff Carlos C. De Castro, proceeding pro se, is before the Court pleading federal question subject-matter jurisdiction.

The Complaint alleges claims of employment discrimination pursuant to two federal statutes:

(1)  Title VII of the Civil Rights Act of 1964; and,

(2)  the Age Discrimination in Employment Act of 1967.

Plaintiff claims he was denied a promotion in 2019 when he was employed by the State of Hawaii Department of Transportation because of his age.

Plaintiff did not sue his former employer the State of Hawaii.  Plaintiff sued three individuals:

(1)  Kurt Yamasaki, the State of Hawaii Department of Transportation's Fiscal Management Officer;

(2)  Beulah Olanolan, the Department's Human Resources Supervisor; and,

(3)   Jade Butay, the Department's Director.

Plaintiff sued the three Defendants, solely in their individual capacities, seeking to hold them personally liable for employment and age discrimination claims pursuant to federal law.

Defendants move for judgment on the pleadings, pointing out that an individual cannot be held personally liable for discrimination pursuant to either Title VII of the Civil Rights Act of 1964 or the Age Discrimination in Employment Act of 1967.

Defendants separately move to dismiss on the basis that Plaintiff is required to exhaust his remedies under the Parties' collective bargaining agreement before he is able to file suit. The Court does not reach this argument.

Defendants' Motion for Judgment on the Pleadings (ECF No. 38) is **GRANTED.**

The case is **DISMISSED WITH PREJUDICE.**

## PROCEDURAL HISTORY

On June 14, 2021, Plaintiff filed a Complaint.  (ECF No. 1).

On July 7, 2021, the Magistrate Judge issued an ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL.  (ECF No. 14).

On September 23, 2021, the Parties filed a STIPULATION THAT DEFENDANTS KURT YAMASAKI, BEULAH OLANOLAN, AND JADE BUTAY ARE NAMED IN THEIR INDIVIDUAL CAPACITIES ONLY.  (ECF No. 32).

On October 14, 2021, Defendants filed a Motion for Judgment

on the Pleadings, or in the Alternative, a Motion to Dismiss. (ECF No. 34).

On October 18, 2021, Plaintiff filed a pleading that did not conform to the District of Hawaii Local Rules.  (ECF No. 36).

On October 19, 2021, the Court issued a Minute Order setting the briefing schedule on Defendants' October 14, 2021 Motion and struck Plaintiff's October 18, 2021 filing for failing to comply with the Local Rules.  (ECF No. 37).

On October 20, 2021, Defendants filed an AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO DISMISS.  (ECF No. 38).

On October 25, 2021, Plaintiff filed a request to shorten the briefing schedule.  (ECF No. 39).

On October 26, 2021, the Court issued a Minute Order terminating the October 14, 2021 Motion and setting a briefing schedule on Defendants' October 20, 2021 Amended Motion.  (ECF No. 40).  The Court denied Plaintiff's Motion to Shorten Time. (Id.)  The Court stated that it elected to decide Defendants' Amended Motion for Judgment on the Pleadings without a hearing pursuant to District of Hawaii Local Rule 7.1(c).  (Id.)

On November 18. 2021, Plaintiff filed his Opposition to Defendants' Amended Motion for Judgment on the Pleadings.  (ECF No. 41).

On November 30, 2021, Defendants filed their Reply.  (ECF No. 44).

**BACKGROUND**

Plaintiff Carlos C. De Castro, proceeding pro se, alleges that he was employed by the State of Hawaii Department of Transportation, Airports Division, in the Procurement Section, from May 19, 1975 through August 2, 2020. (Complaint at p. 3, ECF No. 1).

The Complaint uses various numbering and lettering structures and references Exhibits numbered 13-1 through 55-1. The Court cites to page numbers in the Complaint for clarity and consistency.

Plaintiff claims the State of Hawaii Department of Transportation denied his application for a Temporary Assignment and his applications for eight different promotion positions. (Id. at p. 4).

The Complaint alleges that on December 3, 2019, he verbally applied for a promotion to the position of Procurement & Supply Specialist III. (Id. at p. 6). Plaintiff alleges that Defendant Kurt Yamasaki was the State of Hawaii Department of Transportation's Fiscal Management Officer who was the manager of the division where Plaintiff worked. (Id. at pp. 2, 6). Plaintiff De Castro asserts that Defendant Yamasaki met with Plaintiff about his promotion application approximately 28 days after he applied. (Id.)

Plaintiff asserts that on March 13, 2020, he received a letter from Defendant Beulah Olanolan, a Human Resources

4

Supervisor, informing Plaintiff that he was not selected for the promotion.  (Id. at p. 8).

Plaintiff alleges an employee who is 25 years younger than him was hired for the promotion.  (Id. at pp. 8-9).  Plaintiff claims that he was discriminated against because of his age by Defendants Yamasaki and Olanolan and seeks to hold them personally liable.  He alleges discrimination pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.  (Id. at p. 10).  The Complaint asserts that Plaintiff e-mailed the State's Department of Transportation Director Defendant Jade Butay "to get help" for harassment and discrimination but received no assistance.  (Id.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed.  Judgment on the pleadings "is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."  Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

For a Rule 12(c) motion for judgment on the pleadings, all material allegations contained in the nonmoving party's pleadings are accepted as true.  Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012); Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).

The district court's review is generally limited to the contents of the complaint.  The court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the Rule 12(c) motion into a motion for summary judgment.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

When a Rule 12(c) motion raises the defense of failure to state a claim, the standard governing the motion is the same as that governing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

Rule 12(b)(6) allows dismissal where a complaint fails to state a claim upon which relief can be granted.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat such a motion. Iqbal, 556 U.S. at 678-79.

## ANALYSIS

Plaintiff Carlos C. De Castro, proceeding pro se, has filed a Complaint seeking to hold Defendants Kurt Yamasaki, Beulah Olanolan, and Jade Butay personally liable for his employment and age discrimination allegations pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e-1 et seq.) and the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621 et

seq.).

Defendants move for judgment on the pleadings on the basis that neither federal statute allows for an individual to be held personally liable for discrimination.

## I.   Pro Se Complaint Construed Liberally

Plaintiff is proceeding pro se.  The Court construes his filings liberally.  <u>Elridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir. 1987).  Pro se litigants, however, must follow the same rules of procedure that govern other litigants.  <u>McAllister v. Hawaiiana Mgmt. Co.</u>, Civ. No. 11-00056 DAE-KSC, 2011 WL 3704986, at *4 (D. Haw. Aug. 24, 2011).

Federal Rule of Civil Procedure 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1); <u>see</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1180 (9th Cir. 1996).

Here, Plaintiff filed a thirteen-page Complaint with voluminous Exhibits in an inconsistent manner.  <u>McAllister</u>, 2011 WL 3704986, at *5.

## II.   Title VII Of The Civil Rights Act Of 1964 Provides for Liability Against Employers But Not Individual Persons

Title VII of the Civil Rights Act of 1964 prohibits employers from engaging in discriminatory employment practices.  <u>See</u> 42 U.S.C. § 2000e-2.  It is well settled that individual

employees cannot be held personally liable for violations of Title VII of the Civil Rights Act.  <u>Miller v. Maxwell's Int'l Inc.</u>, 991 F.2d 583, 587 (9th Cir. 1993); <u>Mukaida v. Hawaii</u>, 159 F.Supp.2d 1211, 1224 (D. Haw. 2001).  Individual employees, including supervisors, are not construed as employers for purposes of the statute and may not be sued under Title VII of the Civil Rights Act.  <u>Sherez v. State of Hawaii Dept. of Educ.</u>, 396 F.Supp.2d 1138, 1145 (D. Haw. 2005).

Defendants Yamasaki, Olanolan, and Butay's Motion for Judgment on the Pleadings as to Plaintiff's claims pursuant to Title VII of the Civil Rights Act of 1964 is **GRANTED.**

### III. The Age Discrimination In Employment Act Of 1967 Provides for Liability Against Employers But Not Individual Persons

The Age Discrimination in Employment Act of 1967 prohibits an employer from discriminating against a person who is at least 40 years of age because of such individual's age. 29 U.S.C. §§ 621, 623(a), 631(a).

Just as in Title VII claims, the Age Discrimination in Employment Act only allows suits against employers, and lawsuits against individuals, including supervisors, are not permissible under the statute.  <u>Miller</u>, 991 F.2d at 587; <u>Stilwell v. City of Williams</u>, 831 F.3d 1234, 1245 (9th Cir. 2016); <u>Beckmann v. Ito</u>, 430 F.Supp.3d 655, 678 (D. Haw. 2020).

Defendants Yamasaki, Olanolan, and Butay's Motion for Judgment on the Pleadings as to Plaintiff's claims pursuant to

the Age Discrimination in Employment Act of 1967 is **GRANTED**.

## IV.  Leave To Amend Is Futile

The standard for granting leave to amend on a motion for
judgment on the pleadings is identical to the rule on a motion to
dismiss.  Pantastico v. Dep't of Educ., 406 F.Supp.3d 865, 877
(D. Haw. 2019).  A district court generally does not dismiss a
pro se complaint without leave to amend unless the deficiencies
in the complaint cannot be cured by amendment.  Rosati v.
Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015).  Leave to amend is
properly denied if amendment would be futile.  Carrico v. City &
Cnty. of S.F., 656 F.3d 1002, 1008 (9th Cir. 2011).

The deficiencies in Plaintiff's Complaint cannot be cured by
amendment.  Plaintiff sued the three individual Defendants and
intentionally elected not to sue his former employer, the State
of Hawaii.  Plaintiff stipulated that he did not seek to sue the
State or to sue the individuals in their official capacities, but
rather he intended to file suit against the three Defendants in
their individual capacities only.  (Stipulation, ECF No. 32).
Plaintiff cannot sue the three individual Defendants pursuant to
the two federal law statutes cited in the Complaint.

Plaintiff cannot cure the deficiencies in the Complaint by
relying on Hawaii state law instead of federal law.  While Hawaii
state law does allow a plaintiff to sue an individual defendant
for aiding and abetting discrimination, see Haw. Rev. Stat. §

9

378-2(a)(3); <u>Lales v. Wholesale Motors Co.</u>, 328 P.3d 341, 358 (Haw. 2014), relying exclusively on state law would deprive this Court of subject-matter jurisdiction.

Plaintiff's Complaint relied on subject-matter jurisdiction pursuant to federal laws that do not provide liability on the part of individual defendants.  There is no diversity between Plaintiff and the individual Defendants that would allow him to sue the individuals in federal court based on Hawaii state law.

Leave to amend is denied because amendment would be futile. <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2004).

## **CONCLUSION**

Defendants' Motion for Judgment on the Pleadings (ECF No. 38) is **GRANTED.**

The case is **DISMISSED WITH PREJUDICE.**

The Clerk of Court is **ORDERED** to **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: December 21, 2021, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

<u>Carlos C. De Castro v. Kurt Yamasaki; Beulah Olanolan; Jade Butay</u>, Civ. No. 21-00273 HG-KJM; **ORDER GRANTING DEFENDANTS KURT YAMASAKI, BEULAH OLANOLAN, AND JADE BUTAY'S AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 38)**